No. 460 July 3, 2024 565

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DANIEL DIONICUS RUIZ,
*Defendant-Appellant.*

Lincoln County Circuit Court
20CR60152, 21CR23070; A178789 (Control), A178790

Sheryl Bachart, Judge.

Submitted May 14, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kristin A. Carveth, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Defendant challenges his convictions for first-degree manslaughter and third-degree assault and, alternatively, his sentences for third-degree assault. His six assignments of error reduce to two questions: (1) whether there was legally sufficient evidence in the record to allow a factfinder to find that he acted with "extreme indifference to the value of human life" and (2) whether the trial court plainly erred when it allowed the state to rely on the same evidence to prove both an element of a crime and a sentencing-enhancement fact. For the following reasons, we affirm.

*Denial of Motions for a Judgment of Acquittal.* In his first five assignments of error, defendant challenges his manslaughter and assault convictions, arguing that the trial court erred in denying his motions for judgment of acquittal on each, because there was insufficient evidence that he acted "under circumstances manifesting extreme indifference to the value of human life." ORS 163.118(1)(a) (defining first-degree manslaughter); ORS 163.165(1)(c) (defining third-degree assault). In reviewing the trial court's rulings, we view the evidence "in the light most favorable to the state to determine whether a rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found the essential element of the crime beyond a reasonable doubt." *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995).

We have interpreted the phrase "under circumstances manifesting extreme indifference to the value of human life" to mean "unconcern in a very high degree, exceeding the ordinary, that an act might cause the death of a human being." *State v. Downing*, 276 Or App 68, 82, 366 P3d 1171 (2016). The phrase does not "create an additional culpable mental state." *State v. Boone*, 294 Or 630, 634, 661 P2d 917 (1983). Rather, it describes a level of recklessness "that is characterized by a willingness to commit an 'extremely dangerous act' and an indifference as to whether that act could cause the death of another human being." *Downing*, 276 Or App at 83 (quoting *Boone*, 294 Or at 638)).

Here, viewed in the light most favorable to the state, the evidence allowed the jury to find (1) that defendant stayed up all night drinking beer before driving several people from Corvallis to Newport; (2) that defendant drank alcohol while driving to Newport; (3) that defendant continued drinking alcohol once he arrived at Newport, including almost half a pint of whiskey; (4) that defendant then drove a truck full of people back to Corvallis while he had a blood alcohol content of approximately 0.08 to 0.16 percent; (5) that defendant was driving about 90 miles an hour in a 55-mile-an-hour zone; and (6) that defendant crossed over the centerline and struck an oncoming vehicle. Further, there was evidence that defendant had been arrested on three prior occasions for driving while under the influence of intoxicants and had attended a recent employee meeting at work about the problem of drinking on the job. In light of that evidence, we conclude that a reasonable factfinder could find that defendant demonstrated a willingness to commit an extremely dangerous act and an indifference as to whether that act could cause the death of another human being. Thus, we conclude that the trial court did not err in rejecting defendant's motion for a judgment of acquittal on the charged offenses.

*Sentencing Enhancement Facts.* In his sixth assignment of error, defendant argues that the trial court plainly erred when it allowed the state to use the same evidence to prove an element of third-degree assault and a sentencing-enhancement fact, which was used to justify departure sentences for the assault convictions. Specifically, the state used evidence, that defendant had been arrested for DUII three times in the past and had his license suspended twice for failing breath tests, to prove that defendant acted with "extreme indifference to the value of human life" (an element of third-degree assault) and to prove that defendant "demonstrated disregard for laws" (a sentencing-enhancement fact). He argues that using the same evidence for both purposes violated OAR 213-008-0002(2), which provides in part:

"(2) *If a factual aspect of a crime is a statutory element of the crime* \* \* \*, that aspect of the current crime of conviction may be used as an aggravating or mitigating factor only if the criminal conduct constituting that aspect of the

current crime of conviction is significantly different from the usual criminal conduct captured by the aspect of the crime."

(Emphasis added.)

The state argues that any error is not plain, because it is not obvious and beyond reasonable dispute that the use of evidence to prove both an element and a sentencing-enhancement fact is prohibited by that rule. *See State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) ("For an error to be plain error, it must be \*\*\* obvious and not reasonably in dispute[.]").

We agree with the state. By its plain text and with limited exception, OAR 213-008-0002(2) prohibits using "factual aspects" that serve as an "element" of a crime to justify a departure sentence for that crime. Thus, generally, if a crime has as an element the use of a dangerous weapon, then the use of a dangerous weapon cannot be used as a sentencing-enhancement fact. *See State v. Fox*, 262 Or App 473, 485, 324 P3d 608, *rev den*, 356 Or 163 (2014) (holding that "violation of public trust" could not serve as a sentencing-enhancement fact because an element of the crime was the threat to abuse the defendant's position as a public servant). But it is not obvious that the use of the same *evidence* to prove both an element and a sentencing-enhancement fact is prohibited by the rule. In other words, it is not obvious that using prior DUII arrests as circumstantial evidence of defendant's willingness commit an extremely dangerous act without regard to the risk of death it posed to others means that the state cannot also use those arrests to prove a different fact for purposes of imposing a departure sentence—*i.e.*, that defendant displayed a disregard for the law. Accordingly, the requirements for plain error are not satisfied. We therefore reject defendant's sixth assignment of error.

Affirmed.